People v Sindoni (2019 NY Slip Op 06021)





People v Sindoni


2019 NY Slip Op 06021


Decided on August 1, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: August 1, 2019

109750

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
JOSEPH G. SINDONI JR., Appellant.

Calendar Date: June 21, 2019

Before: Garry, P.J., Clark, Mulvey, Aarons and Rumsey, JJ.


John R. Trice, Elmira, for appellant.
Kirk O. Martin, District Attorney, Owego (Sandra L. Cardone of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Tioga County (Dooley, J.), rendered May 5, 2017, convicting defendant upon his plea of guilty of the crimes of burglary in the second degree (five counts), attempted burglary in the second degree and grand larceny in the fourth degree.
In satisfaction of two indictments, defendant pleaded guilty to five counts of burglary in the second degree, attempted burglary in the second degree and grand larceny in the fourth degree. Consistent with the terms of the plea agreement, County Court sentenced defendant, a second violent felony offender, to an aggregate prison term of 15 years, followed by five years of postrelease supervision, on the burglary and attempted burglary convictions, and a consecutive prison term of 1½ to 3 years on the conviction of grand larceny in the fourth degree, all of which were to run concurrently with a previously imposed sentence. Defendant's sole contention on appeal is that the sentence was harsh and excessive given his long-term addiction to drugs and the fact that no physical harm occurred in the course of his criminal activity. Notwithstanding these factors, we disagree. "A sentence that falls within the permissible statutory range will not be disturbed unless it can be shown that the sentencing court abused its discretion or extraordinary circumstances exist warranting a modification" (People v Stone, 164 AD3d 1577, 1578 [2018] [internal quotation marks and citation omitted]). County Court considered appropriate factors in imposing the statutorily-permissible sentence, including defendant's criminal history. Upon review of the record, we discern no abuse of discretion or extraordinary circumstances warranting a reduction of the agreed sentence in the interest of justice (see People v Nevins, 161 AD3d 1393, 1394 [2018], lv denied 32 NY3d 939 [2018]; People v Garner, 40 AD3d 1210, 1210 [2007]).
Garry, P.J., Clark, Mulvey, Aarons and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.